IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | EP-11-CR-2727-PRM |
| RONALD RAND,<br>    Defendant. | § § § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On this day, the Court considered Defendant Ronald Rand's (Defendant) "Motion to Dismiss and Supporting Memorandum" (ECF No. 32) [hereinafter Motion], filed on January 3, 2012 and the United States of America's (the Government) "Response to Defendant's Motion to Dismiss Indictment" (ECF No. 34) [hereinafter Response], filed on January 6, 2012 in the above-captioned cause. In his Motion, Defendant moves the Court to dismiss the one-count Indictment, arguing that the Sex Offender Registration and Notification Act (SORNA) is unconstitutional. After due consideration, the Court is of the opinion that Defendant's Motion should be denied for the reasons that follow.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about September 25, 2007, Defendant was convicted of violating Title 18 of the United States Code, section 2244(c), for "Abusive Sexual Contact of a Child." Indictment 1, Sept. 9, 2011, ECF No. 15. He was sentenced to forty-eight months' imprisonment, three years' supervised release, fined $250, and was required to pay a $100 special assessment. *United States v. Ronald Rand*, EP:07-CR-764-KC, Sept. 27, 2007, ECF No. 32. On February 16, 2011, Defendant registered for the first time with the El Paso Police Department, having signed a "Pre-Release Notification Form – Texas Sex Offender Registration Program." Criminal Compl. 2, Oct. 20, 2011, ECF No. 1.

1

After updating his residence information several times, on July 25, 2011, Defendant allegedly "absconded from Dismas Charities, and did not return." Criminal Compl. 3. On August 1, 2011, "a warrant was issued [by the Court] for Rand due to [his] violating conditions of supervise[d] release." *Id.* On September 20, 2011, the Government filed its "Criminal Complaint," which alleged that Defendant "failed to update his residence with [the] law enforcement agency having jurisdiction over his registration." *Id.* Defendant was then arrested on September 21, 2011. *Id.*

The Government filed its "Indictment" on November 9, 2011, charging Defendant with violating Title 18 of the United States Code, section 2250. Indictment 1. On January 3, 2012, Defendant filed his Motion, arguing that SORNA is unconstitutional.

## II. LEGAL STANDARD AND ANALYSIS

Defendant brings his Motion, asking the Court to dismiss the indictment pending against him. A court must dismiss an indictment if it concludes that the statute criminalizing the defendant's alleged conduct is unconstitutional. *See United States v. Willingham*, 310 F.3d 367, 371 (5th Cir. 2002) (affirming district court's denial of motion to dismiss an indictment that challenged the constitutionality of the charged statute).

### A. SORNA: Statutory Background

On July 27, 2006, Congress passed the Adam Walsh Child Protection and Safety Act of 2006 (Act). Pub. L. No. 109-248, 120 Stat. 587 (2006). Title I of the Act contains the Sex Offender Registration and Notification Act (SORNA), which imposes a registration requirement on sex offenders, and criminal penalties for failure to register, in order to "protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901.

2

SORNA contains a state component as well as an individual component. The state component requires states to implement and maintain a sex offender registry that conforms to certain statutory requirements. 42 U.S.C. § 16912. The individual component of SORNA requires convicted sex offenders to register and keep their registration current in any jurisdiction where they reside, work, or attend school. 42 U.S.C. § 16913(a). Any failure to comply with the registration requirements constitutes a federal crime. 18 U.S.C. § 2250.

In addition to requiring sex offenders to register, SORNA allows the Attorney General to determine whether SORNA applies to sex offenders convicted prior to its enactment. 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an interim order making SORNA applicable to "all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3. Further, "SORNA imposes a registration requirement on sex offenders, 42 U.S.C. § 16913, and a criminal penalty for failure to comply with the registration requirement, 18 U.S.C. § 2250(a)." *United States v. Heth*, 596 F.3d 255, 258 (5th Cir. 2010).

In the instant action, Defendant charges that SORNA, particularly its registration requirement and the criminal penalty associated with it, violates the Commerce Clause of the United States Constitution, the Due Process Clause of the Fifth Amendment, his fundamental right to travel, the Non-Delegation Doctrine, and the Tenth Amendment to the United States Constitution. Mot. 2.

### B.     Commerce Clause

Defendant argues that Congress lacked the authority under the Commerce Clause to enact SORNA (the registration as well as the penalty provision) because it "regulate[s] purely intrastate activity" that does not substantially affect interstate commerce. Mot. 4. Defendant

acknowledges that Fifth Circuit precedent forecloses this argument, but elaborates his views for purposes of preserving the issue on appeal. *Id.* at 4. Indeed, in *Whaley*, the Fifth Circuit conducted an exhaustive analysis and concluded that, in enacting the registration and penalty provisions of SORNA, Congress did not exceed its authority under the Commerce Clause. *United States v. Whaley*, 577 F.3d 254, 258-61 (5th Cir. 2009). Accordingly, the Court rejects Defendant's argument that the indictment should be dismissed on the ground that SORNA is an unconstitutional exercise of Congressional power under the Commerce Clause.

### C. Due Process

Defendant argues that SORNA's registration requirements violate his due process rights because: (1) SORNA provides no mechanism to challenge his duty to comply; (2) Texas has yet to implement SORNA; and (3) Defendant did not receive actual notice of SORNA's registration requirement.[1] Mot. 9-15.

#### 1. Inability to Challenge Imposition of Registration Requirements

By virtue of his conviction, SORNA obligates Defendant to register as a sex offender and maintain his registration. In *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), the Supreme Court held that it does not violate due process for a state to mandate sex offender registration, based solely on a conviction for a sexual offense, and without holding a hearing. The Court reasoned that due process entitles a convicted sex offender to nothing more than the ability to defend against that conviction. *Id.* at 7.

Because Defendant neither disputes nor raises any due process challenges to his conviction, the Court concludes that SORNA comports with due process, even though there is no mechanism set forth in the statute to challenge its imposition.

---

[1] Defendant acknowledges that, following the Fifth Circuit decisions in *United States v. Heth*, 596 F.3d 255 (5th Cir. 2010) and *Whaley*, 577 F.3d at 254, the latter two arguments are foreclosed. Mot. 9.

4

### 2. Texas's Failure to Implement SORNA

Defendant argues that, since his convictions predated SORNA's enactment and because Texas has yet to implement a SORNA-compliant sex offender registry, it was impossible for him to register under SORNA in Texas, thus making the current prosecution contrary to the Due Process Clause's guarantee of fundamental fairness. Mot. 11-14.

The Fifth Circuit, in *Heth*, determined that "nothing in SORNA's statutory scheme indicates that an individual's registration obligations are contingent upon a state's implementation of SORNA's administrative requirements." *Heth*, 596 F.3d at 259. The Fifth Circuit went on to conclude, as have several other courts of appeals,[2] that the defendant's due process rights were not violated, because "he was required to register under SORNA regardless of whether SORNA's administrative requirements had been implemented by . . . Texas." *Id.* at 260. In light of *Heth*, the Court rejects Defendant's argument that Texas's failure to implement SORNA gives rise to a due process violation.

### 3. Notice of SORNA's Registration Requirements

Defendant next argues that he did not receive actual notice of his obligation to register under SORNA, and, relatedly, that Texas registration forms did not provide adequate notice. Mot. 14-15. Thus, Defendant asserts that the instant prosecution for failure to register violates his due process rights. *Id.* at 15.

In *Whaley*, the Fifth Circuit rejected a similar due process argument. The court in that case determined that "notice of a duty to register under state law is sufficient to satisfy the due process clause." *Whaley*, 577 F.3d at 262. Defendant states that he raises his argument in order

---

[2] *See, e.g., United States v. May*, 535 F.3d 912, 919 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 2431 (2009); *United States v. Shenandoah*, 595 F.3d 151, 158 (3rd Cir. 2010); *United States v. Brown*, 586 F.3d 1342, 1349 (11th Cir. 2009); *United States v. George*, 579 F.3d 962, 965 (9th Cir. 2009); *see also United States v. Gould*, 568 F.3d 459, 465 (4th Cir. 2009); *United States v. Hinckley*, 550 F.3d 926, 939 (10th Cir. 2008).

to preserve appellate error, admitting that the decision in *Whaley* forecloses his argument. Mot. 9. The Court finds that, in light of the conclusions in *Whaley*, Defendant's due process argument is without merit.

### D.     Right to Travel

In addition to the due process arguments, Defendant also posits that SORNA is unconstitutional because it violates his fundamental right to travel. Mot. 15-18. Specifically, Defendant argues that § 2250 burdens this fundamental right and that the infringement is not narrowly tailored to a compelling interest. *Id.*

The Court agrees that the right to travel is a fundamental right. *See Saenz v. Roe*, 526 U.S. 489, 498 (1999) ("[T]he 'constitutional right to travel from one State to another' is firmly embedded in our jurisprudence.") (quoting *United States v. Guest*, 383 U.S. 745, 757 (1966)). This right encompasses:

> the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

*Saenz*, 526 U.S. at 500. Additionally, "a classification that [has] the effect of imposing a penalty on the exercise of the right to travel [violates] the Equal Protection Clause 'unless shown to be necessary to promote a *compelling* governmental interest.'" *Id.* at 499 (internal citations omitted).

Defendant argues that SORNA violates his right to travel because it does not require that Defendant travel "in interstate commerce in furtherance of, in connection with, or for the purpose of, avoiding registration or any other illegal activity." Mot. 17. Defendant states that "absent such a nexus," the statute and indictment violate the Constitution. *Id.* The question thus becomes whether SORNA, absent a requirement that the travel be in furtherance of, in

6

connection with, or for the purpose of illegal activity, unreasonably burdens Defendant's right to travel.

In *United States v. Byrd*, 419 F. App'x 485 (5th Cir. 2011), the Fifth Circuit held "that SORNA's registration requirements do not implicate the fundamental right to travel of convicted sex offenders because nothing in the statute precludes an offender from 'entering or leaving another state,' being 'treated as a welcome visitor .... in the second State,' or being 'treated like other citizens of that State' if the offender chooses to permanently relocate." *Id.* at 491 (quoting *Saenz*, 526 U.S. at 500). In rejecting the defendant's right to travel argument, the Fifth Circuit concluded that "SORNA does not burden, much less unreasonably burden, [the defendant's] fundamental right to travel as defined by the [Supreme] Court in *Saenz*." *Id.* at 492.

In the instant action, the Court similarly finds that SORNA does not unreasonably burden Defendant's right to travel.[3] SORNA does not prohibit Defendant from traveling. Instead, it merely requires that, upon traveling to a new jurisdiction, Defendant register with the authorities of that jurisdiction so that they may track his whereabouts. Thus, the Court declines to find that SORNA unreasonably burdens Defendant's right to travel.

### E. Non-Delegation Doctrine

Defendant next asserts that "Congress impermissibly delegated the crucial decision as to whether SORNA should be applied retroactively." Mot. 19. However, the Fifth Circuit in *Whaley* determined that the "delegation to the Attorney General to determine the retroactive

---

[3] Several courts of appeals have reached the same conclusion. *See, e.g., United States v. Ambert*, 561 F.3d 1202, 1210 (11th Cir. 2009) ("The requirement to update a registration under SORNA is undoubtedly burdensome; however, the government's interest in protecting others from future sexual offenses and preventing sex offenders from subverting the purpose of the statute is sufficiently weighty to overcome the burden."); *Shenandoah*, 595 F.3d at 163 ("The essential part of the charged crime in this matter is the failure to register; [Defendant's] right to travel is incidental to this obligation, and not constitutionally offended. . . . [T]he burden imposed upon [Defendant] is necessary to achieve a compelling interest.").

applicability of SORNA is well within the limits of permissible delegation" because SORNA's statement of purpose is an "intelligible principle that guides the Attorney General in exercising his discretion."[5] *Whaley*, 577 F.3d at 264. Thus, the Court finds Defendant's argument premised upon the Non-Delegation Doctrine is without merit.

F. **Tenth Amendment**

Defendant contends that SORNA violates the Tenth Amendment because its registration requirements are "an unconstitutional encroachment of federal power on state sovereignty."[6] Mot. 24.

Defendant lacks standing to raise this argument because he is challenging SORNA in his individual capacity. "Because the Tenth Amendment protects state rights, private citizens lack standing to raise a Tenth Amendment claim." *United States v. Wakefield*, 2009 WL 3335597, at *5 (W.D. La. 2009).

Even assuming Defendant has standing to raise the argument, the argument must fail. The Tenth Amendment prohibits the federal government from commanding state officials to administer or enforce federal statutes or regulations. *Printz v. United States*, 521 U.S. 898, 935 (1997). It is well-settled that Congress may condition the receipt of federal funds upon a state's compliance with a federal statutory scheme. *New York v. United States*, 505 U.S. 144, 167 (1992) (holding that a federal law that required states to accept radioactive waste did not violate the Tenth Amendment because it was conditioned on the Spending Clause).

---

[5] Defendant candidly acknowledges this authority and states that his argument is intended to preserve appellate issues. Mot. 19.

[6] Defendant suggests that one holding of *Whaley*—that SORNA and its associated penalty provision are valid exercises of Congress' authority under the Commerce Clause—forecloses his Tenth Amendment argument. Mot. 23-24. Defendant nevertheless argues the issue for purposes of appeal. Out of an abundance of caution, the Court will address the merits of the Tenth Amendment argument.

SORNA offers federal funding to states electing to implement SORNA-compliant sex offender registries. 42 U.S.C. § 16925(d). States with state-created sex offender registries can receive federal funding by making their registries SORNA-compliant. Compliance is neither forced nor mandated. *See United States v. Johnson*, 632 F.3d 912, 920 (5th Cir. 2011) (stating that SORNA "allows jurisdictions to decide whether to implement its provisions or lose ten percent of their federal funding otherwise allocated for criminal justice assistance. Of course the Tenth Amendment does not forbid conditioning of federal funding on a state's implementation of a federal program.").

Thus, the Court concludes that SORNA does not commandeer states or state officials, and therefore does not violate the Tenth Amendment.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that the Sex Offender Registration and Notification Act survives constitutional scrutiny on each of the grounds alleged by Defendant in support of his motion to dismiss the indictment. Therefore, the Court will deny Defendant's Motion.

Accordingly, **IT IS ORDERED** that Defendant Ronald Rand's "Motion to Dismiss and Supporting Memorandum" (ECF No. 32) is **DENIED**.

SIGNED this 23 day of **January, 2012**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE